# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT MALVESTUTO, JR.,** | : | CIVIL ACTION NO. 1:09-CV-2395 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WILLIAM SCISM, WARDEN, LSCI ALLENWOOD** | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Robert Malvestuto ("Malvestuto") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 7, 2009, seeking an order compelling respondent to reconsider petitioner's request for pre-release custody placement in a residential re-entry center for the last twelve months of his sentence in accordance with the Second Chance Act of 2007. (Doc. 1). Preliminary review of the petition has been undertaken. See R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court). Based on the following, the petition will be dismissed without prejudice for failure to exhaust available administrative remedies.

## I.   Procedural Background

The petition presently before the court is the second petition of its kind filed by Malvestuto, a federal inmate presently incarcerated at the Low Security Correctional Institute at Allenwood ("LCSI-Allenwood"). His prior petition was dismissed without prejudice for failure to pursue administrative remedies based on

his concession that he "has not 'exhausted' the administrative remedy process and would further be prejudiced due to a time constraint if [he] were to exhaust his administrative remedies." Malvestuto v. Martinez, Civil Action No. 1:09-CV-1339, Doc. 1, at 3, ¶ 11. Malvestuto filed the present petition on December 7, 2009, stating that he "has filed the administrative remedy process to the Central Office (BP-11) in Washington, DC and is currently awaiting a response." (Doc. 1, at 3.)

## II. Discussion

Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The exhaustion procedure to be utilized by federal inmates is the administrative remedy protocol established by the Bureau of Prisons ("BOP") and set forth at 28 C.F.R. §§ 542.10-542.19. Pursuant to this protocol, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any

2

issue before an inmate files a request for administrative relief. See § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. See id. An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. See § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP. See § 542.15. A BOP decision is not final—and thus not reviewable—until relief has been denied by the General Counsel's Office. Id. If at any point an inmate misses a deadline imposed by federal regulations, BOP policy requires that the inmate seek an extension of time within which to file his or her grievance. See § 542.14(b). Acquisition of an extension requires that an inmate provide a "valid reason for the delay." Id.

According to Malvestuto "he is awaiting a response from his Central Office Administrative Remedy (BP-11)." (Doc. 1, at 4.). Clearly, he has not fully exhausted his request for administrative relief as the BOP's decision is not yet final, and thus not reviewable.

## III. <u>Conclusion</u>

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice to petitioner's right to file a new petition upon conclusion of administrative review.

An appropriate order follows.

        S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: December 8, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT MALVESTUTO, JR.,** | : | CIVIL ACTION NO. 1:09-CV-2395 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WILLIAM SCISM, WARDEN, LSCI ALLENWOOD** | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 8th day of December, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.


          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge